Leonard Henly Bernheim v. Commissioner.
Bernheim v. Commissioner
Docket No. 7157.
United States Tax Court
1946 Tax Ct. Memo LEXIS 271; 5 T.C.M. (CCH) 50; T.C.M. (RIA) 46026; January 31, 1946
*271 Irving B. Stewart, Esq., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of this petitioner for the calendar year 1941 in the amount of $1,263.61. The only issue for decision is whether the Commissioner erred in disallowing a deduction of $3,000 claimed as a debt which became worthless during 1941. Findings of Fact The petitioner filed his individual income tax return for the calendar year 1941 with the collector of internal revenue for the third district of New York. He is engaged in the business of manufacturing handkerchiefs. He married the mother of George Peabody, Jr., on November 10, 1939. George Peabody, Jr., Henry Clay Gipson, and Ann Foreman Lewis were engaged in a publicity agency business. The petitioner knew them. They borrowed $3,000 from the petitioner on October 21, 1939, repayable on or before December 31, 1940 without interest. This was a loan, not a gift. No note was executed but the three debtors wrote a letter to the petitioner in which they stated the purpose of the loan, and that Gipson would be responsible for $800 *272 of the loan and the other two would each be responsible for the full amount of the loan. However, the parties agreed orally that the petitioner would look only to the agency for repayment and if it was not successful, he would not look to the assets of the individuals for repayment. The purpose of the loan was for operating expenses to enable the agency to get started in business. It was spent for that purpose. The agency was associated with, but not a part of, an advertising corporation, Dillingham, Livermore, and Durham, Inc. Gipson and Lewis withdrew from the agency in the middle of 1940, at which time Lewis was married and left the State of New York to reside in North Carolina. Gipson remained in New York thereafter for an undisclosed period. The Dillingham firm merged with another advertising firm late in 1940 and no longer required the services of a publicity agency. Peabody, from that time on, operated under his own name and continued the business until some time in December 1941, when the outbreak of war, the anticipated paper shortage, and the changed attitude of newspaper editors with respect to non-war publicity made it apparent that the agency could no longer be operated *273 profitably. The business was then discontinued. The agency had gross income of from $4,000 to $5,000 in 1941. The petitioner has been familiar at all times material hereto with the activities of the agency. He has never demanded payment of the loan or instituted any suit for its collection because he knew that the agency was not prospering in the latter part of 1941 and that it had ceased to exist in December 1941. No payments were ever made on the loan. The petitioner advanced small amounts to Peabody for his living expenses after the agency closed in 1941. The petitioner claimed a deduction for a worthless debt on account of the loan on his 1941 return. The Commissioner disallowed the deduction on the ground that the advance of the $3,000 to Peabody was not a bona fide loan and it did not become worthless in 1941. The debt of $3,000 became worthless in 1941. Opinion MURDOCK, Judge: The evidence shows that the $3,000 was loaned in a bona fide business transaction and was not a gift. It did not become worthless in 1940 but the business folded up in December 1941 and left nothing from which the petitioner could recover under his agreement not to look to the individuals. *274 Peabody kept the agency alive until the outbreak of war in December 1941, but then had to give it up. The petitioner knew that there were no assets of the business once the individuals had abandoned the project. The evidence of worthlessness could be more complete and convincing, but it fairly predominates in favor of the petitioner. He sustained a loss of $3,000 and is entitled to the deduction. Decision will be entered under Rule 50.